**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ZAVALA MEZA, | No. 17-70690 |
| Petitioner, | Agency No. A200-692-719 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2019
Seattle, Washington

Before:     BERZON and WATFORD, Circuit Judges, and ROTHSTEIN,**
District Judge.

David Zavala Meza, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We review

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The Honorable Barbara Jacobs Rothstein, United States District Judge
for the Western District of Washington, sitting by designation.

the agency's factual findings for substantial evidence, *Dai v. Sessions*, 884 F.3d 858, 866 (9th Cir. 2018), and we consider questions of law de novo, *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019). We grant in part and deny in part the petition for review.

To establish asylum eligibility, an applicant must show that he is unable or unwilling to return to his country of nationality because of persecution or a well-founded fear of persecution on account of his political opinion or another protected ground. 8 U.S.C. § 1101(a)(42)(A); *see Barajas-Romero v. Lynch*, 846 F.3d 351, 358, 360 (9th Cir. 2017) (asylum applicant must show that a protected ground was "one central reason," and withholding-of-removal applicant must show that a protected ground was "a reason" for the persecution). The record, including Zavala Meza's declaration, compels the conclusion that he expressed an anti-corruption political opinion in rejecting a job offer from a police commander. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (to demonstrate a nexus between harm and an asylum applicant's political opinion, he "must show (1) that he held, or his persecutors believed that he held, a political opinion; and (2) that he was harmed because of that political opinion"). There was an offer to join in a corrupt police organization, and Zavala Meza took a principled position in rejecting it; further, the country conditions record establishes that there was widespread corruption in the Michoacán police force. *See Mamouzian v. Ashcroft*,

390 F.3d 1129, 1134 (9th Cir. 2004) ("[R]etaliation against an individual who opposes government corruption can constitute persecution on account of political opinion."); *id*. at 1135 (quoting *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir. 2000)) ("The 'salient question' is whether the petitioner's opposition to corruption was 'directed toward a governing institution, or only against individuals whose corruption was aberrational.'").

There were several facts in the record that may support a finding of nexus between petitioner's political opinion and the harm he suffered, including the timing of the robbery and attempted kidnapping; the threats Zavala Meza received on his unlisted home phone number; the police academy's knowledge of Zavala Meza's unlisted phone number; the fact that Zavala Meza was ultimately not given a job as a police officer; the fact that the police had Zavala Meza's car for several months before they acknowledged it, during the period in which Zavala Meza was being contacted by his attackers to come get the car; and attacks on Zavala Meza's father. The BIA makes no mention of any of these facts, but instead suggests that there was no evidence at all supporting petitioner's belief concerning a connection between the police instructor and the attacks and threats he and his family suffered. *See Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010) (agency must consider evidence favorable to petitioner); *Deloso v. Ashcroft*, 393 F.3d 858, 865-66 (9th Cir. 2005) (timing of violent acts and threats indicated that petitioners were

attacked for political reasons). We therefore grant the petition for review as to the denial of asylum and withholding of removal and remand for further consideration of the evidence concerning a nexus between petitioner's political opinion and the harm he suffered.

Substantial evidence supports the agency's denial of CAT relief as Zavala Meza failed to establish that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We therefore deny the petition for review in part.

**PETITION FOR REVIEW GRANTED IN PART and DENIED IN PART; REMANDED.**